**Petition for Writ of Mandamus Dismissed and Opinion and Dissenting Opinion filed June 30, 2026.**



**In The**

# Fifteenth Court of Appeals

---

## NO. 15-26-00105-CV

---

### IN RE KRISTEN PLAISANCE, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**261st District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-24-005044**

---

## OPINION

Kristen Plaisance filed an interlocutory appeal after the trial court granted Montgomery County's plea to the jurisdiction, dismissing her counterclaims with prejudice. That interlocutory appeal was transferred from the Third Court of Appeals to this Court pursuant to the Texas Supreme Court's docket equalization powers. *See* Tex. Gov't Code § 73.001(a). Plaisance then filed a mandamus petition in this Court, challenging whether Texas Civil Practice and Remedies Code section 51.014(b),

providing for a stay pending resolution of an interlocutory appeal, should be applied to the underlying case. Because we lack writ power over the petition, we dismiss.

We cannot issue a writ of mandamus without jurisdiction to do so. *See In re Allcat Claims Serv., L.P.*, 356 S.W.3d 455, 460 (Tex. 2011) (considering whether court had jurisdiction to issue a writ of mandamus and noting that "[a]bsent an express constitutional or statutory grant, we lack jurisdiction to decide any case"). The Texas Constitution gives the Legislature authority to modify the appellate and original jurisdiction of the courts of appeals. Tex. Const. art. V, § 6(a); *In re Dallas Cnty.*, 697 S.W.3d 142, 160 (Tex. 2024) ("Article V, § 6(a) gives the legislature a double helping of discretion" to adjust the jurisdiction of the courts of appeals.). Specifically, the Texas Constitution provides that the "Court[s] of Appeals shall have appellate jurisdiction co-extensive with the limits of their respective districts, which shall extend to all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations *as may be prescribed by law*." Tex. Const. art. V, § 6(a) (emphasis added). It additionally provides that the courts of appeals "shall have such other jurisdiction, original and appellate, *as may be prescribed by law*." *Id.* (emphasis added). Accordingly, we look to the jurisdiction that the Legislature has prescribed to us by law to determine whether we have jurisdiction over Plaisance's mandamus action. *See A & T Consultants, Inc. v. Sharp*, 904 S.W.2d 668, 685 (Tex. 1995) (Hecht, J., dissenting) ("The jurisdiction of . . . the court of appeals . . . to entertain original actions for writs of mandamus is prescribed not by the Constitution but by statute.").

We unquestionably have jurisdiction over Plaisance's interlocutory appeal that was transferred to our Court. Under chapter 73 of the Government Code, the

2

Supreme Court "may order cases transferred from one court of appeals to another at any time that, in the opinion of the supreme court, there is good cause for the transfer." Tex. Gov't Code § 73.001. The Legislature has provided jurisdiction over such a transferred case: "The court of appeals to which a case is transferred has *jurisdiction* of the case without regard to the district in which the case originally was tried and to which it is returnable on appeal." *Id*. § 73.002(a) (emphasis added). But the Legislature's grant of "jurisdiction" over transferred cases does not answer the question of whether we have jurisdiction over Plaisance's separate mandamus action.

The Legislature provided our jurisdiction over original proceedings in section 22.221 of the Government Code: "The original jurisdiction of the Court of Appeals for the Fifteenth Court of Appeals District to issue writs is limited to writs arising out of matters over which the court has *exclusive intermediate appellate jurisdiction* under Section 22.220(d)." Tex. Gov't Code § 22.221(c-1). Section 22.220(d) sets out this Court's "exclusive intermediate appellate jurisdiction:" over (1) certain civil "matters brought by or against the state or a board, commission, department, office, or other agency in the executive branch," (2) certain matters in which the constitutionality or validity of a state statute is challenged, or (3) "any other matter as provided by law." *Id*. § 22.220(d). There is no mention in this section of matters transferred under Chapter 73.

When we interpret a statute, we must "ascertain and give effect to the Legislature's intent" which we determine by looking to the plain language of the statute. *Bexar Appraisal Dist. v. Johnson*, 691 S.W.3d 844, 847 (Tex. 2024) (internal quotation marks and citation omitted). The plain language of the Government Code

3

requires that a case be within our "exclusive intermediate appellate jurisdiction" for us to have writ power. Tex. Gov't Code § 22.221(c-1). But when we receive a case by a discretionary equalization transfer, the Legislature has made clear that we do not have "exclusive intermediate appellate jurisdiction," but merely "*jurisdiction* of the case." *Id.* § 73.002(a) (emphasis added). We must give meaning to the words chosen by the Legislature in section 22.221—"exclusive intermediate appellate jurisdiction"—while also giving meaning to their absence from section 73.002. *Centerpoint Builders GP, LLC v. Trussway, Ltd.*, 496 S.W.3d 33, 36 (Tex. 2016) ("While we are limited to the statute's text, 'we must attempt to give effect to every word and phrase,' and we may not omit or gloss over verbiage in an attempt to reclaim clarity." (quoting *Abrams v. Jones*, 35 S.W.3d 620, 625 (Tex. 2000)). Because we are bound by the text the Legislature chose, the Legislature's grant of "jurisdiction" for docket equalization under section 73.002(a) is distinct from the "exclusive intermediate appellate jurisdiction" necessary for our writ power under section 22.221(c-1). *See In re D.S.*, 602 S.W.3d 504, 514 (Tex. 2020) ("In construing a statute, we assume the Legislature chose statutory language with care, included each chosen word for a purpose, and purposefully omitted all other words."); *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 452 (Tex. 2012) ("[T]his Court presumes the Legislature deliberately and purposefully selects words and phrases it enacts, as well as deliberately and purposefully omits words and phrases it does not enact.").

This distinction between our exclusive jurisdiction and our equalization jurisdiction is further supported by a recent Supreme Court opinion. In *Kelley v. Homminga*, the Supreme Court noted that "the relevant statutes authorize the Fifteenth Court to hear (1) appeals and writs within the court's exclusive

intermediate appellate jurisdiction, and (2) appeals we transfer into the court to equalize the courts of appeals' dockets." 706 S.W.3d 829, 830 (Tex. 2025) (per curiam). The Court then indicated that the appeals it was considering did not fall into "either category," *id.*, implying that this court's "exclusive intermediate appellate jurisdiction" is separate from jurisdiction granted under docket equalization.[1]

The Supreme Court's adoption of Texas Rule of Appellate Procedure 27a also reflects a distinction between the types of our appellate jurisdiction. The Supreme Court adopted Rule 27a pursuant to Chapter 73 of the Government Code which authorizes the Supreme Court to adopt rules for transferring appeals either to or from this Court depending on whether we have exclusive jurisdiction. *See* Tex. Gov't Code § 73.001(c);[2] Tex. R. App. P. 27a. Under Rule 27a, the transfer process applies to appeals "(A) taken to the Fifteenth Court of Appeals that are not within the Fifteenth Court of Appeals' exclusive intermediate appellate jurisdiction; or (B) taken to a regional court of appeals and over which the Fifteenth Court of Appeals

---

[1] In *Williams v. MMP Properties, LLC*, this Court also recognized the distinction between our "exclusive intermediate appellate jurisdiction" and our equalization jurisdiction, explaining that "[b]ecause this case was transferred as being within the exclusive intermediate appellate jurisdiction of the Fifteenth Court of Appeals, and not for docket equalization, we are not bound by Rule 41.3 in deciding today's case." No. 15-24-00105-CV, 2025 WL 1909795, at *2 n.2 (Tex. App.—15th Dist. July 10, 2025, no pet.) (mem. op.))

[2] Section 73.001(c) provides:

> The supreme court shall adopt rules for: (1) transferring an appeal inappropriately filed in the Fifteenth Court of Appeals to a court of appeals with jurisdiction over the appeal; and (2) transferring to the Fifteenth Court of Appeals from another court of appeals the appeals over which the Fifteenth Court of Appeals has exclusive intermediate appellate jurisdiction under Section 22.220(d).

Tex. Gov't Code § 73.001(c). The Supreme Court addressed the meaning of "inappropriately filed," explaining that "[w]hen appeals regarding matters falling outside this jurisdiction are noticed to the Fifteenth Court, they are 'inappropriately filed' and must be transferred." *Homminga*, 706 S.W.3d at 833.

has exclusive intermediate appellate jurisdiction." Tex. R. App. P. 27a(b)(1). Rule 27a explicitly provides that it "does not apply to appeals transferred by the Supreme Court for good cause, including for docket equalization purposes." *Id.* R. 27a(b)(2). Through its adoption of this rule, the Supreme Court further demonstrated that it recognized our equalization jurisdiction as separate and distinct from our exclusive intermediate appellate jurisdiction.

Further, Section 73.001(a) of the Government Code prohibits transfers of cases "properly filed" in the Fifteenth (i.e., within our exclusive jurisdiction) "for the purpose of equalizing the dockets of the court of appeals." Tex. Gov't Code § 73.001(a)–(b); *Homminga*, 706 S.W.3d at 833 ("Considering the legislation as a whole, we conclude that the most natural meaning of 'properly filed' cases that may not be transferred is supplied by Section 22.220(d), which defines the matters over which the Fifteenth Court has 'exclusive intermediate appellate jurisdiction.'"). Reading our equalization jurisdiction as being included in our exclusive jurisdiction is inconsistent with this section. Rather, reading the two jurisdictions as distinct "harmonizes" all the statutory provisions "into a cohesive whole." *See Homminga*, 706 S.W.3d at 834 (interpreting the "statutory scheme" in a way that "harmonizes all its provisions into a cohesive whole").

Under the plain language of section 22.221(c-1), our writ jurisdiction only extends "to writs arising out of matters over which the court has exclusive intermediate appellate jurisdiction . . . ." Tex. Gov't Code § 22.221(c-1). Accordingly, our writ power does not extend to Plaisance's appeal transferred to this Court through docket equalization over which we only have "jurisdiction." *See Combs v. Roark Amusement & Vending, L.P.*, 422 S.W.3d 632, 635 (Tex. 2013)

6

("When construing a statute, our chief objective is effectuating the Legislature's intent, and ordinarily, the truest manifestation of what lawmakers intended is what they enacted."); *see Homminga*, 706 S.W.3d at 831 (noting that this Court's writ jurisdiction is "much more limited" than the other courts of appeals).

We conclude that we lack jurisdiction to issue a writ in this case and accordingly dismiss relator's petition for writ of mandamus for lack of jurisdiction.

/s/ April Farris
April Farris
Justice

Panel consists of Chief Justice Brister and Justices Field and Farris.

7